UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CR-20436-SEITZ

UNITED STATES OF AMERICA

v.

PEDRO ARIEL CUNI,

    Defendant.
_____/

**ORDER DENYING MOTION TO REDUCE SENTENCE
BASED ON COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Pedro Ariel Cuni's *pro se* Motion for Compassionate Release [DE 182], which seeks a prison sentence reduction for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i) due to his health and family caregiver concerns. The Government opposes the Motion [DE 183], and Defendant has filed a Reply [DE 185]. The Court has considered the parties' filings, the record, and the applicable law. Because neither his health concerns nor his family dependency issues satisfy U.S. Sentencing Guidelines § 1B1.13, Defendant's Motion is DENIED.

    **I.**    **Background**

On March 5, 2020, Defendant was sentenced to 63 months' imprisonment, three years' supervised release, and restitution of $2,346,201, after pleading guilty to one count of conspiracy to commit healthcare fraud and wire fraud pursuant to 18 U.S.C. § 1349 [DE 106]. After moving for a sentence reduction pursuant to Federal

1

Rule of Criminal Procedure 35, his prison term was amended to 38 months [DE 176].

Originally required to surrender to the Bureau of Prisons ("BOP") by June 5, 2020, Defendant ultimately was allowed to surrender by March 10, 2022 [DE 106, 165]. This delay of almost two years was granted after Cuni filed several motions to extend the date. His requests were based on his health concerns, including his COVID-19 comorbidities and health problems following testing positive, as well as concerns for testing positive again [DE 117, 124, 143, 147, 151, 160]. His seventh such motion, however, which noted his suffering "long covid" symptoms, was denied [DE 164, 165].

Cuni is 50 years old and currently serving his sentence at FCI Talladega. His expected release date is September 12, 2024.

## II.  Legal Standard

### A.  Compassionate Release

A court may only modify a sentence "when authorized by statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015) (citation omitted). The limited circumstances for doing so are set forth in 18 U.S.C. § 3582(c). *See U.S. v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015). Among these, a court can modify a sentence upon a defendant's motion if "extraordinary and compelling reasons" justify a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Congress has tasked the U.S. Sentencing Commission to identify such reasons. *Id.*; 28 U.S.C. §§ 994(a)(2)(C) & (t). Section 1B1.13 of the U.S. Sentencing Commission's Guidelines offers this detail. Specifically, it describes the following four bases:

    (A) Medical Condition of the Defendant.

        (i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii)     The defendant is

                (I)     suffering from a serious physical or medical condition,
                (II)    suffering from a serious functional or cognitive impairment, or
                (III)   experiencing deteriorating physical or mental health because of the aging process

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) ... [1]

    (C) Family Circumstances.

        (i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons. *As determined by the Director of the [BOP]*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sent'g Comm'n 2022)

(emphasis added). A court cannot substitute its discretion under Subdivision (D) for that of the Director of the BOP. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (citing *United States v. Bryant*, 996 F.3d 1243, 1263-65 (11th Cir. 2021)).

"Extraordinary and compelling reasons" are limited to those described in

---

[1] Defendant cannot satisfy Subdivision (B) because, *inter alia*, he is not "at least 65 years old."

Subdivisions (A) through (D) in § 1B1.13's Application Note. *Giron*, 15 F.4th at 1346.

      **B.**    **18 U.S.C. §§ 3553(a) and 3142(g)**

In addition to satisfying one of the above-noted Subdivisions, a defendant must also demonstrate that release is appropriate under 18 U.S.C. § 3553(a), and that he is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). A court, however, need not reach consideration of §§ 3553(a) or 3142(g) if the motion otherwise fails under 18 U.S.C. § 3582(c)(1)(A), i.e., a Subdivision of § 1B1.13's Application Note is not satisfied. *See Giron*, 15 F.4th at 1347.

**III.**    **Discussion**

      **A.**    **The Parties' Positions**[2]

Cuni seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He cites his having already contracted COVID-19 twice, continuing symptoms, and his ongoing vulnerability to the virus in the close quarters of prison. He identifies 19 medical conditions, which include those he contends are comorbidities, along with his medical inability to take the vaccine [DE 182 at 9-10]. While he can move on his own, maintain a regular job while imprisoned, and carry on with daily tasks of living, he states that he is not able to walk or stand for extended periods. He also complains that he has not received requested medications for mental ailments.[3] In

---

[2] Defendant's *pro se* filings are construed liberally. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).
[3] Along with these mental health claims, Defendant invokes the Eighth Amendment [DE 185 at 7-8]. The Court has construed these claims in the context of his compassionate

addition to his medical concerns, Cuni states that he was the primary caretaker for his mother and parents-in-law, who lived in the household, and that his daughter no longer is able to take care of them. As a result, they face relocation to a nursing home.

Finally, to satisfy 18 U.S.C. §§ 3142(g) and 3553(a), Cuni states that he is rehabilitated as evidenced by a spotless BOP record, as well as his mentoring and aiding others in their educational pursuits while imprisoned, in addition to achieving his own. He also contends that his extended time on release prior to incarceration and his aiding the Government in investigations demonstrate his ability to comply with supervision's requirements. His motion includes supportive letters from family, friends, and community members who do not view him as a danger.

The Government opposes the Motion. First, it argues that the Motion should be denied because Defendant has failed to exhaust his administrative remedies. Even if he had, the Government continues, the Defendant does not demonstrate any basis for relief under the compassionate release standard. The Government further notes that his medical conditions since entering prison appear minor from his BOP records, and states that he has been infected and successfully recovered from the

---

release arguments. To the extent Defendant intended to make a claim pursuant to 28 U.S.C. § 2255, he may do so by way of a separate amended motion, as limited by the procedural requirements of that statute. His decision to do so, however, comes with consequences. *Castro v. United States*, 540 U.S. 375, 383 (2003). It should contain all the § 2255 claims he believes he has because it might be Defendant's first and only chance. Any § 2255 motion thereafter would be subject to the restrictions placed on "second or successive" motions under § 2255(h).

COVID-19 virus twice. The Government points out that Defendant has not argued that he has a terminal illness or cannot provide for his own care while imprisoned. Finally, the Government argues that the facts of Cuni's conviction negate any argument he sets forth under 18 U.S.C. §§ 3142(g) or 3553(a).

### B.     Basis for Court's Determination

At the outset, the Court agrees with Defendant that he has provided sufficient evidence attached to his Motion and his Reply to demonstrate that he has exhausted his administrative remedies [DE 182 at 29-35; 185 at 21-27]. Thus, the Court considers the merits of his claims.

The timing of Defendant's conviction and surrender date, in connection with the pandemic, offers critical context because it shows that Cuni argues claims that have already been considered. Cuni was originally convicted and sentenced on March 5, 2020 [DE 106]. After several requests to delay his surrender date due, in part, to his concerns about COVID-19, it was extended from June 5, 2020, to March 10, 2022 [DE 165]. In requesting a further extension, Defendant cited his previously testing positive for COVID, his "long covid" symptoms, and his comorbidities [DE 164]. In denying that request, the Court acknowledged the threat of COVID-19 variants such as Omicron [DE 165]. Then, on May 24, 2022, the Court entered an Amended Judgment imposing the imprisonment from which Defendant now seeks release [DE 176]. In other words, the operative judgment, entered about eight months ago, was determined after consideration of the pandemic's effects on society and the prison system, knowledge of Defendant

6

previously testing positive, awareness of Defendant's compromised health, and cognizance of the ongoing threat the pandemic poses. Notably, all of Defendant's provided medical records predate his Amended Judgment. The Court declines to reconsider bases that have already been factored into his Amended Judgment.

As a result, the Court focuses on any new basis Defendant raises for compassionate release. He details the realities of living in prison quarters as the BOP continues to adjust its management of the pandemic. He also provides medical records to support his health claims (again, all that predate his Amended Judgment). As the Government points out, none of his now-argued medical conditions are inconsistent with what was before the Court at the time of his Amended Judgment. They demonstrate a range of health problems and medications, some quite possibly associated with his having previously contracted the virus, but all of which appear to be managed through accessing BOP medical services.

The sentence modification door open to Cuni is narrow under 18 U.S.C. § 3582(c)(1)(A)(i). In considering the Subdivisions in the Application Note of U.S.S.G. § 1B1.13, Defendant does not satisfy any of them. First, under Subdivision (A)(i), Defendant does not claim to suffer from a terminal illness. Even if he so claimed, his medical records would not support it. Second, under Subdivision (A)(ii), among its other requirements, Defendant is able to care for himself in the prison setting. He admits as much, explaining that he operates effectively in his day-to-day life, including attending regular employment, albeit with limitations on his physical

stamina and concerns for his health. Cuni wishes to expand the standard of diminished self-care to include concern for BOP's abilities to meet his medical needs to his satisfaction, and his allergies to the COVID-19 vaccines. The Court will not second-guess the medical decisions of his doctors and the BOP medical staff. As for Cuni's novel definition of diminished self-care to include vaccine allergies, Defendant points to no controlling authority that applies this standard from § 1B1.13 so broadly, and the Court declines any invitation to do so. Thus, the Court cannot justify sentence modification under that Subdivision.

Next, Subdivision (B) does not apply because Defendant is not 65 years old or older. Similarly, Subdivision (C) does not apply because Defendant's family circumstances are inapplicable. The caregiver responsibilities for which he expresses concern are not those for his minor children (under Subdivision (C)(i)) or his spouse or registered partner (under Subdivision (C)(ii)).

Finally, under Subdivision (D), despite Defendant's arguments and cited cases as to its flexible application in other jurisdictions, the Eleventh Circuit has made clear that Cuni's concerns must speak directly to one of the Subdivisions discussed above, as opposed to asking the Court to exercise its own discretion. *Giron*, 15 F.4th at 1346. Instead, Cuni asks to Court to exercise discretion under Subdivision (D), and it is unable to do so.

The Court does not intend to minimize the seriousness of Defendant's medical conditions, his concerns for his health, or his family's caregiving. The record, however, does not satisfy any basis available for sentence modification. As a

result, they do not ultimately offer Cuni an avenue for relief. Given the failure to satisfy a subdivision of § 1B1.13's Application Note, Cuni's Motion must fail.[4]

Therefore, it is

ORDERED THAT

Defendant Pedro Ariel Cuni's Motion for Compassionate Release [DE 182] is DENIED.

DONE AND ORDERED in Miami, Florida, this 31st day of January, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

---

[4] Because Defendant has not demonstrated an extraordinary and compelling reason, the Court does not reach an analysis of 18 U.S.C. §§ 3553(a) and 3142(g). *See Giron*, 15 F.4th at 1347.